RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the district court properly dismissed the Complaint in this case for failure to state a claim. However, I disagree that the district court abused its discretion in denying further leave to amend.
Preliminarily, I do not share the majority’s view that the Plaintiff plausibly pled a cause of action predicated on an express contract between the employee association and Sonoma County, or that the County impliedly agreed to provide healthcare benefits to retirees into perpetuity. See Majority Opinion, pp. 1113-14 (recognizing that the Plaintiff sought relief predicated on the existence of an express contract); see also Retired Employees Assn. of Orange County, Inc. v. County of Orange (REAOC II), 52 Cal.4th 1171, 134 Cal.Rptr.3d 779, 266 P.3d 287, 295 (2011) (same).
In its opposition to Sonoma County’s Motion to Dismiss its First Amended Complaint, Plaintiff represented to the court that no implied contract was at issue. Likewise, in a motion memo filed before this court following the REAOC II decision, the Plaintiff characterized its Complaint as alleging that Sonoma County’s promise to provide healthcare benefits was an implied term of an express contract, not a purely implied contract.
Plaintiff submitted three types of resolutions to support its allegations that an express contract existed between the employee association and Sonoma County. The first type of submitted resolution contains “whereas” clauses generally recognizing the existence of healthcare benefits for retirees. The second type of submitted resolution contains “whereas” clauses recognizing that the County is obligated to pay the majority of its retirees’ medical insurance premiums. The third type of submitted resolution describes the ar *1121 rangement providing for “tying” of retiree healthcare benefits to the benefits received by active employees.
I think it important to keep in mind that under California law, “[a] resolution by a county board does not only — or even primarily — establish contract rights....” Id. With that precept in mind, our “judicial determination whether a particular resolution was intended to create private contractual or vested rights or merely to declare a policy to be pursued until the legislative body shall ordain otherwise requires sensitivity to the elementary proposition that the principal function of a legislature is not to make contracts, but to make laws ...” Id. (internal quotation marks omitted). Accordingly, “it is presumed that a statutory scheme is not intended to create private contractual or vested rights and a person who asserts the creation of a contract with the state has the burden of overcoming that presumption.” Id. (citation omitted).
The whereas clauses relied upon by Plaintiff do not plausibly overcome the presumption against the creation of a contract through legislative action. Indeed, a recital inserted into a document to refer to something that has already occurred does not “create[ ] legal rights and obligations ...” Emeryville Redevelopment v. Harcros Pigments, Inc., 101 Cal.App.4th 1083, 1101, 125 Cal.Rptr.2d 12 (2002). Rather, such recitals “are given limited effect even as between the parties.” Id. (footnote reference omitted).
The resolutions provided by Plaintiff describe the expenditure of funds to provide healthcare benefits for current employees and retirees. Instead of reflecting the existence of an express contract, the language of the resolutions “declare a policy to be pursued until the legislative body shall ordain otherwise ...” REAOC II, 134 Cal.Rptr.3d 779, 266 P.3d at 295.
For similar reasons, the Memoranda of Understanding (MOUs) cannot overcome the presumption against inferring an express contract on the part of the government to provide healthcare benefits for retirees in perpetuity. Importantly, Plaintiff acknowledges the lack of “explicit promises that benefits will be paid in perpetuity.” Instead, Plaintiff relies on the absence of durational language in the MOUs to infer a commitment for the payment of lifetime benefits. However, we rejected this very argument in Harris v. County of Orange, 682 F.3d 1126, 1135 (9th Cir.2012) (“[T]he durational clause surely cannot be the source of a claim that the benefits survive indefinitely.”). Rather, the existence of a durational clause itself plainly negates the premise of perpetual duration.
Finally, Plaintiffs anticipated reliance on testimony from County Board members and County administrators would be futile. “Under California law, in the public employment context, a contract with employees must be created by a resolution or ordinance formally enacted by a majority of the Board of Supervisors.” Id. at 1134 (citations omitted) (emphasis added). Anecdotal evidence from county administrators and board members is no cognizable substitute. See 4 McQuillin Municipal Corporations § 13.1 (3d ed. 2012) (“A public corporation may only act as a body, properly convened and functioning as such; separate individual action of its members is ineffectual”) (footnote reference omitted); see also Cook v. City of Addison, 656 S.W.2d 650, 657 (Tex.Ct.App.1983) (“Statements by individual members of a council or board are not binding on a governmental body which may act only in its official capacity....”) (citations omitted); Minnesota Cent. R.R. Co. v. MCI Telecomms. Corp., 595 N.W.2d 533, 537 (Minn.Ct.App.1999) (“A governmental entity can only act *1122 through the official action of its board or other governing body....”) (citation omitted).
Unlike the plaintiffs in Harris, Plaintiff has been given the opportunity to provide — and has provided — Resolutions and MOUs to support the allegations in its First Amended Complaint. As the majority acknowledges, the submitted Resolutions and MOUs do not support a plausible allegation that the County approved healthcare benefits for retirees in perpetuity.
Because Plaintiff has been given the opportunity to amend its complaint and to provide the Resolutions and MOUs that assertedly set forth the healthcare benefits in question, and because those Resolutions and MOUs do not support a plausible allegation to that effect as required by Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), Plaintiffs “complaint could not be saved by amendment.” Harris, 682 F.3d at 1131 (citation omitted); cf. id. at 1135 (granting leave to amend the Complaint “to set out specifically the terms of those MOUs on which their claim is predicated”). I am of the view that the district court acted within its discretion when it denied further leave to amend the complaint. See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir.2009) (“A district court does not err in denying leave to amend where the amendment would be futile....”) (citation omitted). I respectfully dissent from the majority’s contrary conclusion.